Trustees v. Padden.

STATE, EX REL. TRUSTEES OF SCHOOL DISTRICT NUMBER 8, OF THE COUNTY OF HUDSON, v. JOHN PADDEN, ASSESSOR OF THE TOWNSHIP OF UNION, IN THE COUNTY OF HUDSON.

1. The certificate of proceedings of a meeting directing special school tax to be raised by taxation and applied to different purposes, is illegal, if it does not show the apportionment by the meeting of a specific amount for each purpose.

2. The oath of clerk attached to certificate should verify all the material facts therein stated.

Application for *mandamus.*

Argued at November Term, 1881, before Justices DEPUE, VAN SYCKEL and PARKER.

For the relators, *S. B. Ransom.*

For the respondent, *J. B. Vredenburgh.*

The opinion of the court was delivered by

PARKER, J.   The trustees of School District No. 8, of the county of Hudson, have applied for a *mandamus* to compel the assessor of the township of Union, in said county, to assess a portion of the special school tax of $1000, ordered to be raised by said school district in April, 1881.

The said school district is composed of the whole of the town of Guttenberg and a small part of the township of Union.

On the 8th day of April, 1881, the district clerk signed and put up notices for a meeting of the legal voters of said district, to be held on the 19th day of April, 1881, to consider the question of voting a tax to maintain a free public school the then coming year.

At the time and place designated, the meeting was held,

and a resolution was passed that the sum of $1000 special school tax should be raised.

A certificate of the proceedings of such meeting was served upon John Padden, assessor of Union township, setting forth that the legal voters of said school district had authorized the trustees thereof to order $1000 to be raised by taxation, for the purpose of procuring special school money to pay off indebtedness of said school, and to maintain the same, and requesting the assessor to assess said sum on the inhabitants of said school district, and their estates and taxable property therein.

This certificate was verified by the district clerk as follows, viz.: " That the above statement by him of the amount of school tax voted to be raised in said school district is correct and true."

The affidavit only attests that the statement of the amount of school tax voted to be raised is correct and true, and does not verify the other statements of the certificate. All the material facts set forth in the certificate should be verified by the oath of the clerk. He should swear that notices of the meeting were set up, and what were the contents of said notices; that the legal voters met at the time and place appointed, and that a majority of voters ordered the tax raised, specifying the object thereof.

The affidavit in this case does not comply with the statute. *State, Banghart et al., pros.,.* v. *Sullivan, Col.,* 7 *Vroom* 89.

The certificate is also invalid because it does not show how much of the $1000 to be raised was to be appropriated to pay indebtedness and how much to maintain the school.

The particular purpose for which the money is to be raised must be specified.   7 *Vroom* 89.

Where money is ordered raised for different purposes, the certificate should specify the amount to be used for each purpose.

It appears that the indebtedness of the school district was more than $1000, and the apportionment not being made by the voters of the district, almost the entire sum raised might be used to diminish the debt, and a trifling sum towards

maintaining the school during the current year. In failing to show an apportionment of the sum ordered to be raised, the certificate is clearly defective.

An assessment made under such certificate would be void ; and if void when made, a *mandamus* will not issue to compel it.

It is not necessary to consider other objections made by respondent.

*Mandamus* is refused, with costs.